# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v().

COLT V. LYNN,

    Defendant.

Case No. 4:13-cr-40077-JPG-1

## MEMORANDUM & ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

    This matter comes before the Court on defendant Colt Lynn's motion for an extension of time to file a petition for relief under 28 U.S.C. § 2255. (Doc. 250.) Lynn seeks an extension of time because he believes that the Bureau of Prisons has violated his due process by denying him access to all of his legal work. Lynn, however, has filed this motion under his criminal case, and his motion references a speculative § 2255 petition that he has not yet filed. The Court does not have subject-matter jurisdiction over a motion for an extension of time that references a speculative, separate action that has not been (and may never be) filed. *See, e.g., Ramirez v. United States,* 461 F.Supp.2d 439, 440-41 (E.D.Va. 2006) ("federal courts lack jurisdiction to consider the timeliness of a § 2255 petition until the petition itself is filed because a motion for extension of time is not, by itself, a 'case or controversy' within the meaning of Article III of the United States Constitution); *United States v. Williams*, No. 1:02-CR-115-TS, 2008 WL 3833829 (N.D. Ind. Aug. 13, 2008) (denying a motion for an extension of time under the same circumstances as this case).

1

Accordingly, the Court **DISMISSES** Lynn's motion for lack of subject-matter jurisdiction. This dismissal is without prejudice if Lynn wishes to move for an extension of time once he files his § 2255.

**IT IS SO ORDERED.**

**DATED:  JANUARY 18, 2018**

**s/ *J. Phil Gilbert*** 
**J. PHIL GILBERT** 
**DISTRICT JUDGE**
