UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>COLT V. LYNN,<br><br>    Defendant. | Case No. 13-cr-40077-JPG |

### MEMORANDUM AND ORDER

This matter comes before the Court on Colt Lynn's ("Defendant" or "Lynn") motion to reconsider this Court's denial of appointment of counsel for a § 2241 and motion for compassionate release. In Lynn's motion to reconsider, he highlights all of his attempts to obtain *pro bono* counsel, including requesting his parents to search, and searching the internet for counsel. Defendant also indicated he asked various other inmates. All of these attempts have been "unfruitful." Defendant is asking for appointment of counsel to file two separate kind of motions – habeas motion filed under § 2241, and a motion for compassionate release. The Court will begin with the motion under § 2241.

The authority for appointing counsel in an action seeking relief under § 2241 comes from the Criminal Justice Act, 18 U.S.C. § 3006A. See 18 U.S.C. § 3006A(a)(2)(B) ("Whenever ... the court determines that the interests of justice so require, representation may be provided for any financially eligible person who ... is seeking relief under section 2241, 2254, or 2255 of title 28.").

Next, the Court must determine whether the appointment of counsel would serve the interests of justice. A petitioner pursuing federal habeas relief is entitled to counsel only when he is under a death sentence, see 18 U.S.C. § 3599(a)(2); *McFarland v. Scott*, 512 U.S. 849, 855 (1994), or when an evidentiary hearing is necessary to resolve the petition. Rule 8(c) of the Rules

Governing Section 2254 Cases. In this case, the Lynn is not under a death sentence, and no hearing is currently anticipated. Therefore, whether to appoint counsel is purely a discretionary matter. *See Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997); *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Thus, the Court must consider "if, given the difficulty of the case and the litigant's ability, [the petitioner] could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have had a reasonable chance of winning with a lawyer at his side." *Winsett*, 130 F.3d at 281. Once a petitioner has established that his reasonable efforts to obtain counsel were unsuccessful, the court conducts "a two-fold inquiry into both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself." *Pruitt*, 503 F.3d at 655.

Lynn has been able to effectively advocate for himself thus far. In support of his request, Lynn says he is unable to read Latin, but does not understand the proper "procedures, policys [sic], proper way to explain arguments and proper ways to format motions or the understanding of legal terms, words or phrases." (Doc. 257 at 3). This Court understands that Lynn is untrained in the law and has barriers to litigate. However, many prisoners are in the same location and that fact alone cannot justify appointment of counsel when a litigant is not entitled to counsel. *Reginald Tate, Petitioner, v. Warden, Respondent,* No. 2:22-cv-00117-JPH-MG, 2022 WL 17480919, at *2 (S.D. Ind. Nov. 4, 2022) (denying appointment of counsel even where petitioner has limited education, untrained in the law, suffers medical conditions that make litigation difficult, is in segregated housing units and where petitioner's filings are comprehensible and evidence an ability to utilize the Court's processes); *Jago v. Clements*, No. 15-cv-0937, 2017 WL 401222, at *3 (E.D. Wis. Jan. 30, 2017). The Court will deny Lynn's motion to reconsider denial of appointment of counsel for his motion for habeas.

Specifically, for his request for counsel for motion for compassionate release, as indicated previously, this district had previously allowed a Court to appoint counsel in post-conviction matters of motions to reduce sentence under the First Step Act and motions for compassionate release under 18 U.S.C. § 3582(c), that guidance has been amended, pursuant to *United States v. Blake*, 986 F.3d 756 (7th Cir. 2021). Therefore, this circuit no longer allows appointment of counsel for post-conviction matters under the First Step Act and motions for compassionate release. Regarding Lynn's request for counsel under habeas, this Court is not persuaded this case exceeds Lynn's capacity to coherently present it. There is no evidence before this Court on the type of arguments Lynn has or whether he may have a good faith basis to apply for habeas or a motion for compassionate release.

The Court may reevaluate at a later time if Lynn requests, if the pleadings become overly complex, if a hearing is required, or another issue emerges. At this time, it is too early, with no motion for habeas or compassionate release on file for this Court to determine the complexity of the motions or determine Lynn's ability to represent himself.

For these reasons the Court **DENIES** Lynn's Motion for Reconsideration on Appointment of counsel (Doc. 257). Further, in light of Lynn's difficulties obtaining the correct forms, the Court **DIRECTS** the Clerk of the Court to send Lynn blank forms for a Motion for Compassionate Release and for a Petition under 28 U.S.C. § 2241.

**IT IS SO ORDERED.**
**DATED: December 13, 2022**

                                           /s/  J. Phil Gilbert
                                           **J. PHIL GILBERT**
                                           **UNITED STATES DISTRICT JUDGE**