4UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 13-cr-40077-JPG |
| COLT V. LYNN, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Colt V. Lynn ("Defendant" or "Lynn") motion to reduce sentence. (Doc. 260). Lynn moved for a motion to reduce under 18 U.S.C. § 3582(c)(1)(A), a motion for compassionate release. The Court has also reviewed Lynn's supplement and the character letter. (Docs. 262, 261).

Lynn was convicted of one count of conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846 and 18 U.S.Cq. § 2; and one count of conspiracy to possess pseudoephedrine, in violation of 21 U.S.C. §§ 841(c)(2), 846 and 18 U.S.C. § 2. The Court imposed a below-guidelines sentence of 192 months' imprisonment on September 30, 2015. The presentence report ("PSR") concluded that Lynn was a career offender under section 4B1.1 of the United States Sentencing Guidelines. This determination was based on two prior convictions for crimes of violence, including two convictions of aggravated battery under Illinois law in 2007. Applying the career offender guideline, the PSR calculated Lynn's offense level at 32 and his advisory sentencing range at 210 to 262 months. Lynn is 37 years of age and currently incarcerated at Thomson USP. His release date is May 2, 2027. https://www.bop.gov/inmateloc/ (last visited February 7, 2023).

The First Step Act expanded the existing compassionate release provisions of federal law

by opening the door for a defendant to move for compassionate release rather than only allowing the Director of the Bureau of Prisons ("BOP") to so move. First Step Act, § 603(b)(1) (codified at 18 U.S.C. § 3582(c)(1)(A)); *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020). The relevant portion of the law provides:

> **(c) Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction. . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . . .

18 U.S.C. § 3582(c)(1)(A).

In exhausting administrative remedies, the defendant must have asserted the same or similar issues as grounds for relief in his request to the warden as he does in his motion for compassionate release. *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021). Otherwise the warden is not equipped to properly consider the defendant's request.

As for the final clause of § 3582(c)(1)(A), there is no applicable Sentencing Commission policy statement regarding motions for compassionate release filed by defendants. *Gunn*, 980 F.3d at 1180. The existing compassionate release policy statement, United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13, applies only to motions filed by the BOP, not defendants themselves, "[a]nd because the Guidelines Manual lacks an applicable policy

statement, the trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion." *Id.* Nevertheless, the substantive aspects of U.S.S.G. § 1B1.13 provide a "working definition" of "extraordinary and compelling reasons" that should guide the Court's discretion without strictly confining it. *Id.* A court that "strikes off on a different path risks an appellate holding that judicial discretion has been abused." *Id.* Additionally, the Court should give substantial weight to the BOP's analysis regarding "extraordinary and compelling reasons" in any particular case. *Id.*

So the Court looks to U.S.S.G. § 1B1.13 for guidance. That policy statement adds the provision that the defendant must not be a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(2).[1] The application notes further define "extraordinary and compelling reasons" to include, as relevant for this case:

> **(A)** **Medical Condition of the Defendant.**—
>     (i)    The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>     (ii)   The defendant is—
>         (I)    suffering from a serious physical or medical condition,
>         (II)   suffering from a serious functional or cognitive impairment, or
>         (III)  experiencing deteriorating physical or mental health because of the aging process,
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> \* \* \*
>
> **(D)** **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n. 1.

---

[1] This provision is similar, but not identical, to 18 U.S.C. § 3553(a)(2)(C), which requires the Court to consider the need for the sentence "to protect the public from further crimes of the defendant."

Thus, for a defendant to be eligible for compassionate release he must have exhausted his administrative remedies,[2] and the Court must find that (1) extraordinary and compelling reasons for release exist, and (2) considering the applicable factors in 18 U.S.C. § 3553(a), the extraordinary and compelling reasons warrant release. 18 U.S.C. § 3582(c)(1)(A). The movant bears the burden of making such a showing, and the Court has discretion to determine whether the defendant satisfied that burden. *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021); *Gunn*, 980 F.3d at 1180. The Court uses U.S.S.G. § 1B1.13 cmt. n. 1 to guide its discretion in this regard and should give great weight to the BOP's analysis regarding "extraordinary and compelling reasons," if it has given any such analysis. *Gunn*, 980 F.3d at 1180. The Court now turns to the specifics of the defendant's case.

In short, a motion for compassionate release allows individuals suffering from a terminal illness, a serious medical condition, cognitive impairment, deteriorating health from aging, or some other "extraordinary and compelling reason" justifying release. Lynn is 37 years of age and currently incarcerated at Thomson USP. His release date is May 2, 2027. https://www.bop.gov/inmateloc/ (last visited February 7, 2023). Lynn does not allege he is suffering from any serious medical condition, is not deteriorating health from aging, and does not allege any other "extraordinary and compelling" reason as to why his health requires release. There are non-medical reasons to justify compassionate release. One such reason includes care or guardianship for a child or family member and defendant is the only person capable of caring for that individual. Lynn does not make that allegation in favor of compassionate release.

---

[2] The exhaustion requirement is not jurisdictional and may be waived by the Government. *Gunn*, 980 F.3d at 1179.

Lynn argues his current incarceration and his guideline computation is an "extraordinary and compelling" reason that justifies his release. This reasoning is not in line with purpose and policy in compassionate release motions. However, the Court evaluates Lynn's argument that his sentencing disparity as to what he would receive today versus what he received when he was sentenced in 2015 is an "extraordinary and a compelling reason."

Lynn states that "[p]ursuant to the First Step Act, my instant offense for conspiracy to possess a list one chemical and conspiracy to manufacture methamphetamine [sic] are no longer qualify as controlled substance offenses [sic]. Therefore my career offender enhancement resulted in an erroneous calculation of my guideline range." (Doc. 260 at 5). In support of Lynn's motion, he cites the following cases, which are inapplicable and not within this circuit. *United States v. Norman*, No. 21-6797, 2022 WL 256340, at *1 (4th Cir. Jan. 26, 2022) (affirming district court's denial of compassionate release); *United States v. Robinson*, No. 10-40037-01-DDC, 2022 WL 18024670, at *3 (D. Kan. Dec. 30, 2022) (finding "extraordinary and compelling" that Robinson would no longer serve as career offender if sentenced today under crack cocaine offense because neither of his pre-2010 KS drug convictions would qualify as predicate offense under § 4B1.1(a)); *United States v. Owens*;[3] *United States v. Handlon*, 53 F.4th 348, 353 (5th Cir. 2022) (vacating and remanding district court order for issuing an order which did not consider new arguments in third motion for compassionate release); *United States v. Talley*, No. 3:19CR66, 2022 WL 16745110, at *4 (E.D. Va. Nov. 7, 2022) (granting a § 2255 motion).

---

[3] The Court is unsure what case this refers to because Lynn does not provide a cite, date, or circuit.

Lynn is incorrect in arguing that he was a career offender because of his instant offenses. He believes "his instant offenses for conspiracy to possess list one chemical and conspiracy to manufacture methamphetamine no longer qualify as controlled substances offenses. Therefore my career offender enhancement resulted in an erroneous calculation of my guideline range." (Doc. 260 at 5). Lynn was a career offender based on two prior state convictions, both for aggravated battery on a public way. Lynn was convicted under aggravated battery under Illinois statute 720 ILCS 5/12-4(b)(8). Lynn, through counsel, argued on appeal that these convictions do not qualify as "crimes of violence" for purposes of the career offender guideline. The Seventh Circuit, in a published opinion affirming Lynn's sentence, held the district court did not commit plain error in concluding Lynn's two prior convictions for aggravated battery were "crimes of violence" under the Sentencing Guidelines. *United States v. Lynn*, 851 F.3d 786, 800 (7th Cir. 2017) (("Because both of Mr. Lynn's convictions for aggravated battery involved the first prong ("causing bodily harm") of the battery statute, and because we have held that this element constitutes "the use, attempted use, or threatened use of physical force, Mr. Lynn's Illinois convictions for aggravated battery were properly classified as violent felonies under U.S.S.G. § 4B1.2(a)(1)") (cleaned up).

Lynn is not able to seek sentence reduction through the First Step Act. Section 404 allows the Court to reduce a defendant's sentence for a crack cocaine offense but only if the Court had imposed that sentence before another statute—the Fair Sentencing Act—modified the statutory sentencing range for that crack cocaine offense. First Step Act, § 404(b). A covered offense is a federal offense committed before August 3, 2010, and a crime under which the Fair Sentencing Act modified the statutory range set forth in 21 U.S.C § 841(b)(1)(A)(iii)/ 841(b)(1)(B)(iii). *Terry v. United States*, 141 S. Ct. 1858, 1863 (2021). Because Lynn's crimes

did not include a crime related to crack cocaine, which is a covered offense, but was convicted and sentenced for conspiracy to manufacture methamphetamine, and conspiracy to possess pseudoephedrine knowing it would be used to manufacture methamphetamine the FSA does not apply to Lynn. Additionally, Lynn's crime was committed on January 15, 2013. Because Lynn's crime was not a covered offense committed before August 3, 2010, Section 404 does not apply to Lynn for a sentence reduction as his offense is not a covered offense.

Next, Lynn argues that the "scale of my wrongful conduct" that produces his conviction and the disparity of the length of his sentence is quite substantial. (Doc. 260 at 11). The Court does not believe this is "extraordinary and compelling" reason justifying release. The Court evaluated the scale of the wrongful conduct during his initial sentencing. The circumstances of Lynn's instant have not changed, and Lynn does not provide an adequate reason to question the Court's sentence. Lynn also asks the Court to consider the "unique circumstances" of this case. Lynn asks the Court to look at the fact he reported the crime to the sheriff's department and the PSR noted a small amount of meth. The Court considered and evaluated all the circumstances of Lynn's case during the initial sentencing.

Lynn also asks the Court to look at the length of the time served (approximately 120 months) and projected release date of 2027 as an "extraordinary and compelling reason" justifying release. (Doc. 260 at 11). The Court determined Lynn's below-guideline sentence of 192 months. Lynn has not provided a reason to justify a reduction from the sentence it imposed in 2015.

Additionally, Lynn asks the Court to look at his post-conviction rehabilitation. (Doc. 260 at 11). However, the Seventh Circuit has been clear. Rehabilitation of the defendant alone shall

not be considered an extraordinary and compelling reason justifying release. *United States v. Peoples*, 41 F.4th 837, 841 (7th Cir. 2022); U.S.S.G. § 1B1.13 cmt. n.3.

A district court may grant a motion for compassionate release only when the § 3553(a) factors support it. *United States v. Kurzynowski*, 17 F.4th 756, 760 (7th Cir. 2021). At sentencing, the Court determined Lynn's sentence and evaluated it under § 3553. The same reasoning that existed at sentencing exist today. The sentence promoted respect for the law, reflected the seriousness of his crime, deterred Lynn's criminal drug behavior, and recognized the need to protect the public.

For these reasons, Lynn's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A) is **DENIED**.

**IT IS SO ORDERED.**
**DATED: February 21, 2023**

                                                                        /s/ J. Phil Gilbert
                                                                        **J. PHIL GILBERT**
                                                                        **UNITED STATES DISTRICT JUDGE**