UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>COLT V. LYNN,<br><br>    Defendant. | Case No. 13-cr-40077-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on Colt Lynn's ("Defendant" or "Lynn") motion for appointment of counsel (Doc. 267). This is Lynn's third motion to request counsel for post-conviction relief. The Court has denied those motions.

In Lynn's motion, he states that his trial counsel John Stobbs was ineffective because "he failed to object to my designation as a career offender…" *Id*. at 1. Further, he states that ineffective assistance of counsel by Mr. Stobbs was deficient and resulted in prejudice to Lynn, resulting in a 16-year sentence. *Id*. This motion is not properly brought forth in his criminal case. Lynn's request is properly brought forth in a motion to vacate under § 2255.[1] *United States v. Mosley*, No. 22-1843, 2023 WL 2610233, at *2 (7th Cir. Mar. 23, 2023) ("claims of ineffective assistance of counsel are best suited to a collateral action under 28 U.S.C. § 2255 so that a factual record bearing on the issue can be developed."); *United States v. Black*, 783 F. App'x 629, 630 (7th Cir. 2019) (whether or not someone is a career offender is properly brought forth under a § 2255).

Whether to appoint counsel to represent an indigent petitioner is within the sound discretion of the district court. *Winsett v. Washington,* 130 F.3d 269, 281 (7th Cir. 1997). There is absolutely

---

[1] Prisoners can only file one motion for habeas under § 2255 and second or successive motions must be approved by the Seventh Circuit Court of Appeals.

no right to appointment of counsel in a § 2255 case unless the absence of counsel would result in fundamental unfairness impinging on due process rights, *id.* (citing *La Clair v. United States*, 374 F.2d 486, 489 (7th Cir. 1967). Counsel is required to be appointed only "'if, given the difficulty of the case and the litigant's ability, [the petitioner] could not obtain justice without an attorney, [he] could not obtain a lawyer on [his] own, and [he] would have had a reasonable chance of winning with a lawyer at [his] side.'" *Winsett*, 130 F.3d at 281 (quoting *Forbes v. Edgar,* 112 F.3d 262, 264 (7th Cir. 1997)).

The fact that there is no active § 2255 matter at this time, there is no danger of fundamental unfairness without the presence of counsel, and justice does not require appointment of counsel.  Accordingly, the Court **DENIES** Lynn's motion (Doc. 267).  If and when Lynn ever has an active § 2255 proceeding in front of the Court, he may seek appointment of counsel in that matter.

**IT IS SO ORDERED.**
**DATED: April 17, 2023**

                                           /s/   J. Phil Gilbert
                                           **J. PHIL GILBERT**
                                           **UNITED STATES DISTRICT JUDGE**