UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

COLT V. LYNN,

        Defendant.

Case No. 13-cr-40077-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant's Motion to Supplement his Motion for Compassionate Release (Doc. 278). Lynn filed his motion for compassionate release, (Doc. 270), on February 26, 2024, and his motion to supplement on July 31, 2024.

Lynn was convicted of drug charges on June 23, 2015. (Doc. 179). Lynn was sentenced to 192 months in prison on September 30, 2015. (Doc. 213). Lynn has moved for compassionate release, the Government has responded in opposition, (Doc. 276), and the matter was awaiting disposition when the defendant filed his motion to supplement. (Doc. 278).

The First Step Act expanded the sentence reduction provisions of § 3582(c)(1)(A) by opening the door for a defendant to move for a reduction rather than only allowing the Director of the Bureau of Prisons ("BOP") to so move. First Step Act, § 603(b)(1) (codified at 18 U.S.C. § 3582(c)(1)(A)); United States v. Gunn, 980 F.3d 1178, 1179 (7th Cir. 2020).  The relevant portion of the law provides:

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

1

> defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>> (i) extraordinary and compelling reasons warrant such a reduction. . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . . .

18 U.S.C. § 3582(c)(1)(A).

Lynn's motion to supplement does not include additional facts or arguments for his present motion for compassionate release. Rather, Lynn's motion to supplement seeks to add additional grounds for compassionate release. During the pendency of his motion, Lynn alleges that his mother received a cancer diagnosis and that she has no available caretakers.

Lynn's motion to supplement raises a predicament.

The exhaustion requirement, unless waived by the Government, requires that the warden have thirty days to act on the movant's request for compassionate release, and that the warden was able to properly consider the request. For the warden to properly consider the request, the movant must have asserted the same or similar issues as grounds for relief before the warden as he asserts before the court. *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021).

Lynn has satisfied the exhaustion requirement for his present motion for compassionate release. However, Lynn presents an entirely *new* reason for compassionate release and Lynn has not alleged that he exhausted administrative remedies on that basis. Consequently, were the Court to grant Lynn's motion to supplement, Lynn's motion for compassionate release would no longer present the *same or similar issues* that Lynn initially presented to the warden. Lynn's motion for compassionate release did not allege *any* family circumstances as grounds for compassionate release, let alone include recent changes in family circumstances that took place after Lynn made his request to the warden.

Considering these facts, granting Lynn's motion to supplement would appear to run afoul of the exhaustion requirement and render Lynn's entire motion subject to denial for failure to exhaust—even though Lynn satisfied the exhaustion requirement for all the claims he initially raised. Proverbially speaking, if one bad apple spoils the barrel, granting Lynn's motion to supplement appears to be analogous to adding a bad apple to an otherwise good barrel.

If Lynn's motion to supplement had been filed as its own motion for compassionate release in its current state and the Government did not waive the exhaustion requirement, the Court would be required to deny Lynn's recontextualized motion. Then, Lynn would be required to draft a request to the warden and wait an additional thirty days before refiling.

On first impression, it seems inefficient to deny Lynn's motion to supplement and rule on Lynn's present motion for compassionate release, only to rule on another motion for compassionate release in thirty days. However, the exhaustion requirement is mandatory, and the Court has no authority to waive it; only the Government has that discretionary authority.

Thus, the Court finds itself stuck in a dichotomy: grant the motion to supplement and "throw the baby out with the bath water," as it were, by denying the entirety of his motion on the grounds that Lynn failed to exhaust on his supplemental claim; or alternatively, deny the motion to supplement and address the issue again in thirty days. Exasperating this dichotomy is the fact that, if Lynn's characterization of his mother's situation is accurate, she may require a caretaker before the waiting period expires.

Given the unique circumstances and given that Lynn's additional grounds for compassionate release are not clearly frivolous—for the sake of judicial efficiency—the Court will defer ruling on the motion to supplement at this time. The Government shall have the opportunity to respond to the motion to supplement. The Government's response should indicate

their position on the motion itself, whether they wish to invoke or waive the exhaustion requirement, and their position on the merits of Lynn's motion to supplement.

Briefly, as Lynn's motion for compassionate release has been fully briefed and the Court has yet to render a decision, no part of the Court's opinion should be construed as the Court indicating or implying a position on the merits of that motion. Likewise, any filings concerning Lynn's motion to supplement should be limited in scope to the issues raised by the motion to supplement, not expand on the facts and arguments for Lynn's initial motion for compassionate release.

## <u>CONCLUSION</u>

For the sake of judicial efficiency, at this time, the Court **DEFERS** ruling on Lynn's motion to supplement his motion for compassionate release. (Doc. 278). The Court **ORDERS** the Government to respond to Lynn's motion to supplement, (Doc. 278), no later than **August 22, 2024.** Lynn shall have fourteen (14) days from the service of the Government's response to file a reply.

As the motion for compassionate release, (Doc. 270), has already been fully briefed, the Government's response and Lynn's reply should be limited to the scope of the motion to supplement, (Doc. 278), and surrounding issues. The Government's response should indicate their position on the motion itself, whether they wish to invoke or waive the exhaustion requirement, and their position on the merits of Lynn's motion to supplement. (Doc. 278).

**IT IS SO ORDERED.**
**DATED:  August 1, 2024**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**
