UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>COLT V. LYNN,<br><br>    Defendant. | Case No. 4:13-CR-40077-JPG-1 |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Colt Lynn's *pro se* motion for a sentence reduction for "extraordinary and compelling reasons" pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018) (codified at 18 U.S.C. § 3582(c)(1)(A)), and its supplement (Docs. 270, 278). Finding that extraordinary and compelling reasons exist and that the § 3553(a) factors do not weigh against release, the Court **GRANTS** the motion to supplement and **GRANTS** the motion for compassionate release.

I.  INTRODUCTION

Lynn filed an initial motion for compassionate release on February 26, 2024. (Doc. 270). The Government filed a response on May 6, 2024, opposing Lynn's motion. (Doc. 276). The Court took the matter under advisement. While the matter was still under advisement, on July 31, 2024, Lynn filed a motion to supplement his motion for compassionate release. (Doc. 278).

In his motion to supplement, Lynn claimed that his mother had been recently diagnosed with cancer and that he would be the only available caregiver for her. Unlike Lynn's initial motion for compassionate release, Lynn did not exhaust his administrative remedies prior to filing the motion to supplement. As the warden did not have an opportunity to review Lynn's

1

new ground for compassionate release—because Lynn's mother's diagnosis came after Lynn filed his initial motion—he failed to exhaust administrative remedies.

If the Court granted the motion to supplement and the Government invoked failure to exhaust, the Court would need to dismiss the entirety of his motion for compassionate release, then require Lynn to make that same request again. If the Court denied the motion, then Lynn would be forced to file a new motion for compassionate release while his initial motion was still pending. If the Court granted the motion to supplement and the Government waived the exhaustion requirement, then the Court could proceed with evaluating the merits of his new claim. For the sake of judicial efficiency and given it was unclear how long Lynn's mother could care for herself after surgery and through treatment, the Court ordered the Government to respond to the motion to supplement indicating whether the Government wished to waive or invoke the exhaustion requirement here. (Doc. 279).

The Government responded and indicated that they would require some evidence of Lynn's mother's diagnosis before they would evaluate whether they would waive exhaustion or not. (Doc. 280). The Court ordered Lynn provide said information, which he did. The Government responded to that additional information, found that he presented a prima facie case of compassionate release, and elected to waive the exhaustion requirement. The Government also suggested a hearing on the motion. (Doc. 285). Accordingly, the Court called a hearing. (Doc. 286).

Following testimony and a review of the circumstances, the Court orally granted the motion to supplement and the motion for compassionate release, provided that Lynn would be released in thirty days, and that a written order would follow. (Doc. 289).

## II.   BACKGROUND

On June 24, 2015, Lynn was convicted of one count of Conspiracy to Manufacture Methamphetamine, in violation of 18 U.S.C. 841(a)(1) (2013), and one count of Conspiracy to Possess a Pseudoephedrine Knowing it Would be Used to Manufacture Methamphetamine, 21 U.S.C. 841(c)(2) (2013).

On September 30, 2015, Lynn was sentenced to 192 months in prison, ordered to pay a $600 fine, and a $200 special assessment. (Doc. 213). Until recent proceedings, Lynn's current release date was scheduled for May 2, 2026. Lynn had served the vast majority of his sentence and was set to be released in approximately 18 months and he had paid both the fine and special assessment.

On August 7, 2024, Lynn's mother was diagnosed with a form of cancer, grade three; for which surgery, radiation, and chemotherapy were recommended. (Doc. 283). Lynn's mother has sent a letter to the Court with the medical information and a letter stating that she had no spouse or other caretaker for her. (Doc. 282). Lynn testified at the hearing that his mother must travel several hours daily to and from her treatments. Without a caretaker or driver, it would be exceedingly difficult to drive that time and distance while undergoing aggressive radiation and chemotherapy.

## III.   LEGAL STANDARD

The First Step Act expanded the sentence reduction provisions[1] of § 3582(c)(1)(A) by opening the door for a defendant to move for a reduction rather than only allowing the Director of the Bureau of Prisons ("BOP") to so move. First Step Act, § 603(b)(1) (codified at 18 U.S.C.

---

[1] The reduction provisions are often referred to as "compassionate release" because historically the grounds for reduction have included the defendant's health and/or age as "extraordinary and compelling reasons" for immediate release. Release was called "compassionate" because it was viewed as showing sympathy for an ailing or aged defendant.

3

§ 3582(c)(1)(A)); *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020). The relevant portion of the law provides:

> **(c) Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction. . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . . .

18 U.S.C. § 3582(c)(1)(A).

In exhausting administrative remedies, the defendant must have asserted the same or similar issues as grounds for relief in his request to the warden as he does in his motion for a sentence reduction. *United States v. Williams*, 62 F.4th 391, 393 (7th Cir. 2023); *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021). Otherwise, the warden is not equipped to properly consider the defendant's request. Additionally, the Court should give substantial weight to the BOP's analysis, if there is any, regarding "extraordinary and compelling reasons" in any particular case. *Gunn*, 980 F.3d 1180.

The final clause of § 3582(c)(1)(A) requires the Court to consider whether a sentence reduction would be consistent with U.S.S.G. § 1B1.13 (2023) (effective Nov. 1, 2023), the policy statement applicable to motions filed by there the BOP Director or the defendant. That policy statement adds the provision that the defendant must not be a danger to the safety of any other

4

person or to the community. U.S.S.G. § 1B1.13(a)(2) (2023).[2] The policy statement further defines "extraordinary and compelling reasons" to include, alone or in combination, as relevant for this case:

> **(3) Family Circumstances of the Defendant.**—
> **(A)** The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
> **(B)** The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
> **(C)** The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
> **(D)** The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

U.S.S.G. § 1B1.13(b) (2023).

Thus, for a defendant to be eligible for a § 3582(c)(1)(A) sentence reduction, he must have exhausted his administrative remedies,[3] and the Court must find that (1) extraordinary and compelling reasons for a reduction exist, and (2) considering the applicable factors in 18 U.S.C. § 3553(a), the extraordinary and compelling reasons warrant a reduction. 18 U.S.C. § 3582(c)(1)(A). The movant bears the burden of making such a showing, and the Court has discretion to determine whether the defendant satisfied that burden. *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021); *Gunn*, 980 F.3d at 1180. The Court must ensure that any reduction complies with U.S.S.G. § 1B1.13 (2023).

---

[2] This provision is similar, but not identical, to 18 U.S.C. § 3553(a)(2)(C), which requires the Court to consider the need for the sentence "to protect the public from further crimes of the defendant."
[3] The exhaustion requirement is not jurisdictional and may be waived by the Government. *Gunn*, 980 F.3d at 1179.

IV.     **ANALYSIS**

To establish extraordinary and compelling family circumstances warranting compassionate release, a movant may show, *inter alia*, that their parent is incapacitated and that they would be the only available caregiver.

Here, it is readily apparent from Lynn's mother's medical records that there is no other primary caretaker and that, without Lynn's ability to care for her, she may be unable to receive treatment for her condition. Therefore, Lynn satisfies the family circumstances required for compassionate release here.

However, establishing extraordinary and compelling circumstances on its own, is insufficient for compassionate release. Lynn must also show that the § 3553(a) factors weigh in favor of compassionate release; here, they do.

Lynn has served the vast majority of his sentence—nearly ten years—and will only serve a year and a half more before he would ordinarily be released. The sentence that Lynn has served thus far has reflected the seriousness of his offense, promoted the rule of law, provided just punishment, afforded adequate deterrence, and has protected the public from further crimes.

Additionally, during his time in prison, Lynn obtained his GED and has taken a multitude of classes. Lynn has submitted records of those classes. (Doc. 270, Ex. B-2). Lynn has kept a stable job within the prison for at least three years without incident, and the senior officer specialist confirms that he has a strong work ethic and will have no trouble finding and maintaining a job after his release. (Doc. 261). Lynn has also presented a letter stating that he would be offered a job at a coal mine upon his release. (Doc. 271). Therefore, the sentence the Court imposed has also provided Lynn with needed educational and vocational training.

Evaluating the § 3553(a) factors, the Court finds that the sentence has served its purpose and, when weighed alongside the extraordinary and compelling circumstances here, that those circumstances outweigh any additional purpose the remainder of his sentence would have. Also, Lynn will remain on supervised release, ensuring that he will reintegrate into society and not pose a danger to the community. Additionally, Lynn has been warned that failure to comply with the terms of his supervised release will result in revocation—further ensuring Lynn will reintegrate appropriately.

Given the Court has found that the family circumstances Lynn has presented, considering the § 3553(a) factors, establish sufficient grounds for compassionate release, the Court need not evaluate the other grounds that Lynn raised in his first motion for compassionate release.

V.     **CONCLUSION**

As the Government has elected to waive the exhaustion requirement here, finding that Lynn has presented extraordinary and compelling reasons for compassionate release, in full consideration of the § 3553(a) factors; the Court hereby **GRANTS** Lynn's motion to supplement, (Doc. 278), and **GRANTS** Lynn's motion for compassionate release. (Doc. 270).

Furthermore, the Court indicated that Lynn would be released thirty days after the hearing, to provide the Bureau of Prisons with sufficient time to prepare for his release. However, that would place Lynn's release date on a Saturday. Thus, the Court will reduce that time to twenty-nine days. Accordingly, the Court will reduce Lynn's sentence to **TIME SERVED** as of **November 22, 2024**.

To ensure that the Defendant is in fact timely released, the Bureau of Prisons is directed to take all appropriate steps to complete the processing of the Defendant's release plan prior to the effective date of this order. This order shall be **STAYED** for **twenty-one (21) days** from the

7

docketing of this order to ensure the Defendant, the Bureau of Prisons, and the Probation Office adequate time to prepare for the Defendant's reentry into society. The Court will enter a separate order in its standard format.

**IT IS SO ORDERED.**
**DATED:  October 29, 2024**

*s/ J. Phil Gilbert*_____
**J. PHIL GILBERT**
**DISTRICT JUDGE**
